IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES T. SHARP, JR.,
    Petitioner,

vs.                                                  Case No.: 5:13cv110/RS/EMT

WARDEN N.C. ENGLISH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2241 (doc. 1). Petitioner is an inmate of the federal Bureau of Prisons ("BOP"), housed at the Federal Prison Camp in Marianna, Florida, at the time he filed his petition. Respondent filed a response to the habeas petition (doc. 8). Petitioner filed a reply (doc. 10).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that Petitioner is not entitled to relief.

I.    BACKGROUND

On January 20, 1992, Petitioner was arrested by local authorities in the State of Indiana for armed robbery (doc. 8, Ex. 1, Declaration of Andrew Roush ¶ 5; doc. 10 at 5). On July 14, 1992, he was convicted in State of Indiana Case No. 32D02-9201-CF-0023 of armed robbery, and sentenced to a term of ten (10) years in prison (Roush Decl. ¶ 6; doc. 10 at 5, Ex. B). On May 5, 1995, while Petitioner was in state prison, he was "borrowed" by federal authorities, pursuant to a federal writ of habeas corpus ad prosequendum (Roush Decl. ¶ 8; doc. 10 at 6). On August 29, 1995, Petitioner was convicted in the United States District Court for the Southern District of Indiana, Case No. IP-95-44-CR-01, of being a felon in possession of a firearm, and sentenced to a term of 175 months in prison, followed by a 5-year term of supervised release (Roush Decl. ¶ 9; doc. 10 at 6, Exs. E, F).

The federal court ordered Petitioner's federal sentence to run concurrently with the undischarged term of Petitioner's state sentence (Roush Decl. ¶ 9; doc. 10 at 6, Exs. E, F).

The BOP computed Petitioner's 175-month federal sentence as commencing on August 29, 1995, effecting a sentence concurrent with his state sentence, with credit from January 20, 1992 through July 13, 1992 (the period of time between the date of his federal offense and the date his state sentence was imposed) (Roush Decl. ¶ 10, Attach 2; doc. 10, Ex. A). Petitioner did not receive credit for the period July 14, 1992 through August 28, 1995 (Roush Decl. ¶¶ 18–21). Petitioner was released by state authorities to the United States Marshals Service ("USMS") on May 15, 1998, to serve the remainder of his federal sentence (Roush Dec. ¶ 20). On December 21, 2007, Petitioner satisfied his federal sentence and was released to begin the 5-year term of supervised release (Roush Decl. ¶ 11; Attach. 2).

On January 31, 2008, Petitioner was arrested by the USMS on an arrest warrant issued by local authorities in Clinton County, Indiana (Roush Decl. ¶ 12, Attach. 3). Petitioner was released on bond the same day (*see id.*). On February 22, 2008, Petitioner was arrested by local authorities in Indiana for two counts of robbery and one count of attempted robbery (Roush Decl. ¶ 13, Attach. 3). On March 7, 2008, the United States District Court for the Southern District of Indiana issued a warrant for Petitioner's arrest, based upon alleged violations of his supervised release (Roush Decl. ¶ 14, Attach. 3). On June 24, 2009, Petitioner was convicted in State of Indiana Case No. 12C01-0902-FC-022, of two counts of robbery and one count of attempted robbery (Roush Decl. ¶ 14, Attach. 4). He was sentenced to two consecutive terms of four (4) years in prison, followed by a 4-year term of probation, with credit for 398 1/2 "actual days" and 797 "good time days" for time spent in confinement while the charges were pending (Roush Decl. ¶ 14, Attach. 4). Petitioner was scheduled for release from state prison on August 25, 2011, but he was released on August 24, 2011, to the USMS pursuant to a detainer lodged for the supervised release warrant (Roush Decl. ¶ 15). On October 19, 2011, Petitioner was sentenced in the United States District Court for the Southern District of Indiana to a term of sixty (60) months in prison for violating his supervised release (Roush Decl. ¶ 16, Attach. 5).

The BOP calculated Petitioner's sentence as commencing on the date it was imposed, with 58 days of sentence credit, including credit for January 31, 2008, February 5–6, 2008, and August

25–October 18, 2011 (Roush Decl. ¶ 17, Attach. 6). Petitioner's sentence will fully expire on August 21, 2016, but his projected "statutory release date" is December 30, 2015 (Roush Decl., Attach. 6).

Petitioner filed his § 2241 petition on April 10, 2013 (doc. 1 at 6). He contends the BOP failed to give him credit on his first federal sentence for time served on his state sentence, even though the sentencing court ordered his federal sentence to run concurrently with his state sentence (doc. 1 at 3–4, 7; doc. 10 at 6). Petitioner specifically argues he is entitled to credit for the period July 14, 1992 to August 29, 1995, and he is entitled to credit for the forty (40) months remaining on his state sentence at the time his federal sentence was imposed (*id.*).

Respondent contends that Petitioner failed to exhaust his administrative remedies, because he failed to file a request for administrative remedy with the institution and failed to file an appeal to the Regional Director and the General Counsel (doc. 8 at 4–5). In support of this contention, Respondent submitted a declaration of Joksan Morgan, dated June 24, 2013, stating BOP records reflect that Petitioner filed four administrative remedies since he has been incarcerated, but none of them addressed his sentence calculation (doc. 8, Ex. 1, Declaration of Joksan Morgan). Respondent contends the exhaustion requirement is jurisdictional; therefore, the habeas petition must be dismissed (doc. 8 at 4–5).

In Petitioner's reply, he argues the exhaustion requirement is not jurisdictional (doc. 10 at 1–2). He additionally contends exhaustion would be futile (*id.* at 3–4). He states he filed a written request to staff on the BP-S148 form on June 6, 2013, regarding the sentence computation issue (*id.*, Ex. A). *See* United States Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5511.07 (permitting inmates to make written requests to staff using the BP-S148 form). Petitioner's institution forwarded his request to the Designation and Sentence Computation Center ("DSCC") (*id.*, Ex. A). The DSCC responded on June 10, 2013 as follows:

> This is the first BP-9 I have seen filed for this offender. His original computation was made concurrent to his state sentence we [sic] and started the date the sentence was imposed. He received credit for 01-20-1992 through 07-13-1992. That credit is the maximum amount he could receive pursuant to Willis [v. United States, 438 F.2d 923 (5th Cir. 1971)]. Per policy he can only receive credit between the date of federal offense and the date the first sentence is imposed (be it the state or federal sentence). In this instance the state sentence was imposed first 07-14-1992. The

>    offender requesting a Barden [v. Keohane, 921 F.2d 476 (3d Cir. 1990)] review is
>    unnecessary because the federal sentence was made concurrent to the state and he
>    has received on his first sentence the maximum amount of credit allowed. He did
>    however GCT release on 12-21-2007. Per the memorandum in our file on 2-05-2008
>    through 2-06-2008 he was arrested for theft, and those charges were dismissed. He
>    will get an additional two days of credit for those two days in custody on his
>    revocation sentence. Other than that everything looks correct. I will cfix [sic] the
>    jail credit for those 2 day[s].

(doc. 10, Ex. A).[1] Petitioner characterizes this response as a response from the Regional Inmate Systems Administrator ("RISA"). Petitioner contends this satisfied the exhaustion requirement, because RISA is the final authority on such issues. This grievance and response were apparently not reflected in the BOP records reviewed by Declarant Joksan Morgan, or they were overlooked. The court notes that Petitioner received the two days of sentence credit promised in the DSCC response to his grievance, as reflected in the sentence computation attached to Andrew Roush's declaration (doc. 8, Roush Decl., Attach. 6).

---

[1] In Willis, the Fifth Circuit held that federal inmates are not entitled to "double-credit" on both state and federal sentences for time spent in pre-sentence custody. 438 F.2d at 925. However, the court recognized an exception to this rule when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date. *Id.* When this exception applies, an inmate is entitled to receive credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins. *Id.* As a result of Willis, the BOP grants prior custody credits for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first federal or non-federal sentence begins to run. BOP Program Statement 5880-28, p. 1-22.

In Barden, the Third Circuit held that the BOP's failure to even consider a prisoner's claim for relief from the BOP's possible mistake in failing to designate a state prison as the place of federal confinement, for purposes of determining whether the prisoner was entitled to credit against his federal sentence for time spent in state custody, carried serious potential for a miscarriage of justice and warranted habeas relief. 921 F.2d at 478, 484. The court further held that the BOP had authority to designate state prison as the place of federal confinement for purposes of determining whether prisoner was entitled to credit against federal sentence, even though federal sentencing court did not order concurrency, where the federal sentence was imposed before state sentence, and the state judge clearly intended that sentences be served concurrently. *Id.* at 482–84. As a result of Barden, the BOP considers an inmate's request for presentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation. BOP Program Statement 5160.05, p. 5.

## II.  ANALYSIS

### A.  Exhaustion

It is well established that prisoners must exhaust administrative remedies before habeas relief may be granted, including relief pursuant to § 2241.  Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Exhaustion of administrative remedies is jurisdictional.  *See* United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (dismissing claim for sentence credit under § 3585(b) for lack of jurisdiction, because prisoner failed to exhaust administrative remedies); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (same);[2] United States v. Mitchell, 845 F.2d 951, 952–53 (11th Cir. 1988) (same); *see also, e.g.,* Nichols v. Warden, FCC Coleman-Low, 458 F. App'x 844, 845 (11th Cir. 2012) (unpublished) (exhaustion of administrative remedies is jurisdictional in § 2241 cases brought by federal prisoners) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)); Krist v. Eichenlaub, 386 F. App'x 920, 923 (11th Cir. 2010) (unpublished) (same); Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (unpublished) (same).

The BOP generally provides a three-level formal administrative grievance procedure for prisoner complaints (doc. 8, Ex. 1, Declaration of Joksan J. Morgan ¶¶ 3–4).  28 C.F.R. § 542.10–542.15; BOP Program Statement 1330.17.  To initiate the formal grievance process, an

---

[2] In Lucas, the court concluded that the exhaustion requirement in § 2241 cases was jurisdictional after examining 18 U.S.C. § 3585 and its predecessor, 18 U.S.C. § 3568.  *See* 898 F.2d at 1554–56.  The Eleventh Circuit has reasoned that "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts."  Richardson v. Reno, 162 F.3d 1338, 1374 (11th Cir. 1998) (emphasis added), *judgment vacated on other grounds*, 526 U.S. 1142, 119 S. Ct. 2016, 143 L. Ed. 2d 1029 (1999).  Failure to comply with statutory exhaustion requirements deprives a court of jurisdiction; thus "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility."  *Id.*; *cf.* Gallo Cattle Co. v. United States Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court.").  *But see* Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (declining to address exhaustion in § 2241 context where Government did not raise issue of petitioner's failure to exhaust).

inmate must file a formal written request with the warden of his institution on the BP-9 form (*id.*). 28 C.F.R. §§ 542.13(a), 542.14; BOP Program Statement 1330.17, pp. 4–6. An inmate who is not satisfied with the warden's response may appeal to the Regional Director on the BP-10 form (*id.*). 28 C.F.R. § 542.15; BOP Program Statement 1330.17, pp. 6–7. An inmate who is not satisfied with the Regional Director's response is generally required to appeal to the General Counsel on the BP-11 form (*id.*).[3] *Id.*

Here, it is clear that Petitioner had not exhausted his administrative remedies (or even initiated the process) at the time he filed his § 2241 petition. However, he appears to have done so while this case was pending. In some circumstances, courts have found that where the jurisdictional defect is cured during the pendency of the action, the court may proceed to review the merits of the claim. *See, e.g.*, Scott v. Singletary, 38 F.3d 1547, 1550 n.3 (11th Cir. 1994) (concluding that district court's denial of habeas petitioner's motion for relief from judgment denying his habeas corpus petition cured any jurisdictional defect which might have existed when he filed motion with appellate court to recall mandate in prior decision affirming denial of habeas petition, but cautioning petitioner that "[s]imilar procedural machinations will, in the future, be strictly scrutinized for compliance with basic jurisdictional norms."); Meagher v. Dugger, 737 F. Supp. 641, 643 (S.D. Fla. 1990) (holding that administrative remedies must be exhausted prior to seeking judicial review, not merely prior to district court's decision on the merits, but construing petitioner's "Notice of Supplementary Facts," in which petitioner indicated that he had completed administrative remedy process during pendency of district court case, as motion to amend jurisdictional allegations in petition, and permitting amendment); Redding v. Middlebrooks, No. 5:08cv161/RS/EMT, 2009 WL 369961, *2 (N.D. Fla. Feb. 12, 2009) (citing Scott and Meagher). In the instant case, Petitioner supplemented his petition with facts and supporting documentation showing he has now exhausted the issue of the BOP's alleged failure to give him sentence credit on his first federal sentence for the time he served on his state sentence. The undersigned construes Petitioner's arguments as a request to amend the jurisdictional allegations in his petition and will permit the amendment. Based upon

---

[3] According to the BOP's Program Statements, the BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors. *See* BOP Program Statement 5160.05, p. 4–10. The Regional Director is the final authority on this issue. *Id.*

Case No.: 5:13cv110/RS/EMT

the amended allegations, it appears Petitioner exhausted his administrative remedies. The undersigned will therefore consider the merits of Petitioner's arguments.[4]

B. <u>Merits</u>

Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction. *See* Rodriguez, 60 F.3d at 747. The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (citing Chevron USA Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)). If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.*

As previously discussed, Petitioner makes two arguments with regard to the BOP's calculation of his sentence. He first contends he is entitled to credit for the 40 months remaining on his state sentence at the time of his federal sentencing, because the federal court ordered his federal sentence to run concurrently with the undischarged portion of his state sentence (doc. 1 at 3–4, 7; doc. 10 at 6). He additionally contends he is entitled to credit for the period July 14, 1992 to August 29, 1995 (the time between his state and federal sentencings) (doc. 10 at 6).

Section 3585 of Title 18 provides, in relevant part:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

Section 3621 of Title 18 provides, in relevant part:

---

[4] The documents submitted with Respondent's response include an updated sentence computation verified by Andrew Roush, an employee of the Designation and Sentence Computation Center (doc. 8, Ex. 1, Roush Decl., Attachs. 2, 6). This documentation fully addresses Petitioner's arguments; therefore, further argument or supplementation of the record is unnecessary to the court's disposition of Petitioner's claims.

> **(a) Commitment to custody of Bureau of Prisons**.—A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.
>
> **(b) Place of imprisonment**.—The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
>> **(1)** the resources of the facility contemplated;
>>
>> **(2)** the nature and circumstances of the offense;
>>
>> **(3)** the history and characteristics of the prisoner;
>>
>> **(4)** any statement by the court that imposed the sentence—
>>
>>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>
>>> **(B)** recommending a type of penal or correctional facility as appropriate; and
>>
>> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(a), (b). Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a), and to compute sentence credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (citing 18 U.S.C. § 3621(a)); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995).

The BOP has interpreted § 3585 in Program Statement 5880.28, which provides:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.
>
> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

BOP Program Statement 5880.28, pp. 1–13. When a federal judge orders a federal sentence to run concurrently with a state sentence already imposed, the BOP implements such order, ordinarily by designating the state facility as the place to serve the federal sentence. *See* <u>United States v. Hardesty</u>, 958 F.2d 910 (9th Cir. 1992); BOP Program Statement 5160.05, p. 3.

In the instant case, the federal sentencing court sentenced Petitioner as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: 175 months to run concurrent with the undischarged term of imprisonment. This is not a downward departure because the defendant is given credit for 40 months served in state custody pursuant to 5G1.3(b).

(doc. 10, Ex. F). This enabled Petitioner to begin serving his federal sentence prior to the date he was actually received in federal custody (May 15, 1998).

Petitioner's assertion that the BOP failed to run his federal sentence concurrent with the undischarged portion of his state sentence is refuted by the BOP's sentence computation documents. The documents show Petitioner's 175-month federal sentence was calculated as commencing on August 29, 1995, the date it was imposed, and fully expiring on October 3, 2009 (doc. 8, Roush Decl., Attach 2). The BOP designated a non-federal facility as the place to serve the federal sentence until he was released from his non-federal term, pursuant to Program Statement 5880.28, page 1-32–1-33. Therefore, the BOP ran Petitioner's federal sentence concurrently with the portion of his state sentence that remained undischarged at the time of his federal sentencing. Petitioner failed to show that the BOP's calculation was arbitrary, capricious, or manifestly contrary to federal statutes. Therefore, he is not entitled to relief on this argument that the BOP failed to run his federal sentence concurrently with his state sentence.

Case No.: 5:13cv110/RS/EMT

The BOP's calculation of Petitioner's sentence credit is also entitled to deference. Section 3585 speaks not only to the commencement date of a federal sentence, but also to the issue of sentence credit for time spent in detention prior to the commencement date. In this regard, the statute provides:

> **(b)** **Credit for prior custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added). As the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with section 3585(b). *See* Wilson, 503 U.S. at 334–35 (BOP determines credit issues, not the district courts). In fact, the federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served. *See* United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

Here, the BOP did not have discretion under § 3585 to grant sentence credit for the period July 14, 1992 to August 29, 1995 (the time between Petitioner's state and federal sentencings), because he received credit on his state sentence for that period, and § 3585(b) expressly prohibits the BOP from granting credit for time "credited against another sentence." *See* United States v. Rivers, 329 F.3d 119 (2d Cir. 2003) (Bureau of Prisons could not credit defendant for time already served under state sentence, inasmuch as that time had already been credited against state sentences); Rios v. Wiley, 201 F.3d 257, 276 (3d Cir. 2000); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); Bailes v. Booker, 125 F.3d 861, 1997 WL 634099 (10th Cir. Oct. 10, 1997) (Table).

To the extent Petitioner argues his federal judgment and sentence required the BOP to give him forty (40) months of credit on his federal sentence, in addition to running the federal sentence concurrently with the state sentence, Petitioner misinterprets the federal judgment. The language

in the judgment providing, "This is not a downward departure because the defendant is given credit for 40 months served in state custody pursuant to 5G1.3(b)," simply clarified that the court reduced Petitioner's federal sentence to 175 months, pursuant to § 5G1.3(b), for time he had already served on his state sentence that would not be credited by the BOP. The provision of the United States Sentencing Guidelines ("U.S.S.G.") cited by the sentencing court provides as follows:

> **(b)** If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> **(1)** the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> **(2)** the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

The commentary to § 5G1.3(b) instructs how the federal sentencing court is to apply the subsection in imposing sentence, and provides an example in which the subsection applies:

> (**C**) **Imposition of Sentence**.—If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should note on the Judgment in a Criminal Case Order (i) the applicable subsection (e.g., § 5G1.3(b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to § 5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons.
>
> **(D) Example**.—The following is an example in which subsection (b) applies and an adjustment to the sentence is appropriate:
>
> The defendant is convicted of a federal offense charging the sale of 40 grams of cocaine. Under § 1B1.3, the defendant is held accountable for the sale of an additional 15 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court. The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that

sentence at the time of sentencing on the instant federal offense. The guideline range applicable to the defendant is 12–18 months (Chapter Two offense level of level 16 for sale of 55 grams of cocaine; 3 level reduction for acceptance of responsibility; final offense level of level 13; Criminal History Category I). The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result.

U.S.S.G. § 5G1.3, Commentary, Application Notes.

Petitioner failed to show that the BOP's calculation of his sentence violated the sentencing court's order. Further, the BOP effectuated the unambiguous language of the relevant federal statutes, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, manifestly contrary to the statute, or an unreasonable application thereof. Therefore, the BOP's sentence calculation is entitled to deference under Chevron.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DENIED**.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 29th day of August 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**