IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES T. SHARP, JR.,
     Petitioner,

vs.                                          Case No.:  5:13cv110/RS/EMT

N.C. ENGLISH, WARDEN,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus matter in which Petitioner is proceeding pro se.  On September 19, 2013, the court entered an order approving the Report and Recommendation of the undersigned, thereby dismissing the habeas petition (doc. 15).  The clerk entered judgment the same day (doc. 16). On December 5, 2013, Petitioner filed a document titled "Second Notice of Appeal," in which he states he placed a "first" notice of appeal in the hands of prison officials for mailing on September 27, 2013 (doc. 17 at 1).  He further states that on December 3, 2013, he received a letter from the Eleventh Circuit stating the district court never notified the Eleventh Circuit that it received his "first" notice of appeal (*id.* at 2).  Additionally, as an attachment to the "Second Notice of Appeal," Petitioner submitted a copy of a document titled "Notice of Appeal," which he states he placed in the hands of prison officials for mailing on September 27, 2013 (doc. 17, Exhibit One).  On February 26, 2014, the Eleventh Circuit remanded Petitioner's appeal for a determination of whether and when Petitioner delivered his (alleged) "first" pro se notice of appeal to prison officials for mailing (*see* doc. 22).  The district judge referred the matter to the undersigned on February 28, 2014.

On March 5, 2014, the undersigned entered an order directing Petitioner to submit a sworn declaration stating whether he delivered the (alleged) "first" notice of appeal to prison officials for mailing, and if so, the date on which he did so (doc. 23).  Additionally, the court ordered Respondent to submit a declaration from an official from the Federal Correctional Institution in Marianna, Florida

("FCI-Marianna"), regarding the significance, if any, of the date stamp on the second page of Petitioner's "first" notice of appeal (*id.*).

The parties have complied with the court's directives (*see* docs. 25, 27). Petitioner states in his affidavit that he delivered his first notice of appeal to prison officials for mailing on September 27, 2013 (doc. 27). Respondent submitted a declaration from Michael Taylor, a Correctional Systems Officer at FCI-Marianna, whose duties include processing staff and inmate mail (doc. 25, Ex. 1, Declaration of Michael Taylor). Mr. Taylor states in his declaration that the date stamp that appears on the second page of Petitioner's first notice of appeal signifies that Petitioner gave institutional staff the notice of appeal on September 27 to be mailed (*id.*). The undisputed evidence thus shows that Petitioner delivered his pro se notice of appeal to prison officials on September 27, 2013.

Accordingly, it is respectfully **RECOMMENDED**:

That the court determine as a matter of fact that Petitioner delivered his first notice of appeal to prison authorities for mailing on September 27, 2013.

At Pensacola, Florida, this 2nd day of April 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**